George C. Fogarty
vs.                        No. 53976
United Electric
Railways Co.

February 25, 1926

CAPOTOSTO, J. The plaintiff moves for a new trial after verdict for the defendant and relies upon the ground that the verdict is aginst the evidence.

The accident happened in the afternoon of May 10, 1922, on Plainfield street, almost at Olneyville Square, in the City of Providence, and involves a city bound bloomer type car of the defendant company, the plaintiff's truck, and a third truck belonging to one Bernard P. McGarry. The weather was clear, the road dry, and the traffic fairly light.

The plaintiff claims that he suffered damage in excess of $3,000 when McGarry's truck was struck by a car of the defendant and pushed against the truck of the plaintiff while it was standing in front of his place of business in Olneyville Square.

As a result of the collision, the electric car showed a broken running board, bent up, as one witness said, like a jack-knife at or about the third seat from the front. McGarry's truck had all its damage on the left side, including, among other things, the left front wheel and left front fender. The plaintiff's track, which it was claimed was hit at the left rear by the right front of McGarry's truck, presented no special objective evidence of the impact immediately after the accident. The plaintiff, in fact, claims that the damage to his truck about which he complains was internal and could not be readily seen upon a casual examination.

As usual, there is considerable testimony of distances between various fixed objects, alleyways, streets, and parked or moving vehicles. While of importance and deserving serious consideration, such evidence must be read in the light of the entire testimony and can not be made the basis of a purely mathematical problem when the circumstatces involve the application of human agencies to matters of unexpected occurrence.

The plaintiff's case in substance is that while McGarry's truck was stalled either very close to or actually upon the inbound track of the defendant company, the electric car in question, with an unobstructed view, came bounding along at a high rate of speed, variously estimated at between 25 and 35 miles an hour, crashed into McGarry's truck, and drove that truck against the plaintiff's truck, which in spite of the fact that it was a two and a half ton truck and was actually loaded with a two ton load, was in turn pushed forward by the impact from McGarry's truck a distance of 15 feet against another automobile parked in front of it.

The defendant presented evidence to the effect that McGarry's truck, which also was city bound, had been stopped for gas at a nearby gasoline station operated by the plaintiff; that it suddenly started and swung to its left towards the defendant's inbound track when the defendant's car, proceeding at an ordinary rate of speed, that is, at 8 or 10 miles an hour, had actually started to pass the rear of the truck; that the motorman, as soon as he realized what was happening, immediately attempted to stop his car, but that, inspite of his efforts, McGarry's truck crashed into the front right side of the electric car.

The real point at issue is as to the proximate cause of the damage about which the plaintiff complains. The plaintiff, through his oral testimony, sets up a set of facts which, if believed, would charge the defendant's motorman with negligence bordering upon recklessness. The defendant, on the other hand, through its witnesses, presented the case of a thoughtless truck driver, suddenly starting and turning towards the tracks of a street railway when a car was approaching within such close proximity that any reasonable human effort to avoid a collision was unavailing.

While it may be conceded that the oral testimony as given was conflicting, its credibility and reasonableness were open to serious consideration. The physical damage to the electric car and to McGarry's truck is in a sense determinative. The localized crushing of the running-board at a definite point some feet from the right front of the electric car and the damage to the left front of McGarry's truck strongly tend to substantiate the defendant's testimony.

The plaintiff in the argument on his motion for a new trial laid considerable stress upon the distance that the car travelled before it came to a stop. The force of this argument varies according to which set of facts is accepted as the premise for the conclusion which is advanced as true. If it be a fact that McGarry's truck was stopped when the impact occurred, then this argument might carry considerable weight. If McGarry's truck, however, was set in motion when the electric car had actually started to pass the rear of the truck and then began to turn towards the car which was rightfully proceeding on its way, the plaintiff's argument loses its force. The motorman of the electric car was under no legal obligation towards the driver of the McGarry truck until it became, or should have been reasonably apparent that such driver was disregarding the rules of ordinary prudence for his own safety. Until the driver of the truck by his conduct gave reasonable notice to the motorman that he intended to go upon the tracks of the defendant company, notwithstanding the moving car which was then in the act of passing the rear of his truck, the motorman had a right to proceed on his way.

It is well enough to argue as a cold academical question that a car or other vehicle going at a certain rate of speed can be stopped within this or that distance. In such an argument we frequently lose sight of the fact that sudden and unexpected occurrences must be met by the reasonable application of human powers. The effective control of a force in motion operated by man depends on the coordination of body and mind. This must of necessity vary with the circumstances of each case. The standard of efficiency is the conduct of the average individual. Human beings, moreover, are not mechanical devices which operate with instantaneous and mathematical precision. All that any one can ask of another in a sudden emergency is that he act as a reasonably prudent person would act under the same or similar circumstances. The jury by its verdict have found that the motorman in this case acted with reasonable caution and violated no duty which he owed to any other traveller in the highway at the time of the accident.

The verdict reaches a fair conclusion upon all the evidence. The plaintiff may have suffered damages but his right to recover for any loss which he may have sustained lies against some one other than this defendant.

Motion for new trial denied.

For Plaintiff: O'Shaunessey, Cannon & Cannon.

For Defendant: Clifford Whipple and Earl A. Sweeney.